— Bland, Chancellor.
(a) — It is clear, that the right to take out a warrant of resurvey for the purpose of including contiguous vacancy is incident to every legal title to land. But it is an incidental right which belongs to the holder of the legal, not of the equitable title to the estate. If Aaron Alford had bound himself to convey Alford’s Fancy to the petitioner; and had, afterwards, taken advantage of his being the mere legal holder to obtain the contiguous vacancy to the tract he had thus sold; but for some peculiar circumstances, equity would compel him to convey to the purchaser all the land he had thus obtained by virtue of the right incident to the legal title. (b)
Here, however, the holder of the perfect legal title to Alford’s Fancy, by virtue of the certificate returned and compounded on, has obtained a good, but imperfect title to ninety acres as an addition to that tract. In some respects the title under a mere certificate is considered as equal to a perfect legal title. The land, thus held, descends as realty to the heirs of the deceased holder; and the patent, when called for, issues to them accordingly. A title by certificate is not a mere chattel interest. It is an imperfect legal title, not a mere equitable interest; for, when the patent is obtained, the formal legal title conveyed by it relates back to the date of the certificate, and vests the legal title in the patentee, by relation, from that time. A right to include contiguous vacancy is an incident *476 to a legal title only; but when a certificate of survey on any kind of warrant has been returned and compounded on, it then becomes, so far, immediately a legal title, as to draw to itself a similar incidental right to include contiguous vacancy. So that the vacancy, thus surveyed and included, becomes a part, and not an incident of the original tract; and it is no longer liable to be affected, or acquired by an incidental right of resurvey.
The holders of this land, who claimed by descent from Aaron Allford, held one parcel of it by a perfect, and the other by an imperfect legal title. And being thus seised and possessed, they distinctly and specially conveyed that parcel called Allford?s Fancy, for which they had a perfect legal title, and no more, to Goodman, who conveyed the same tract precisely to the petitioner Hughletl. In which conveyances there is nothing, that in any manner shews it to have been the intention of Alford’s heirs to convey the vacancy which had been included by the resurvey called Aaron’s Addition. Hughlett is the purchaser of a part only of the land held by the heirs of Aaron Allford; and consequently, he can have no claim to a patent for that which they held by an imperfect legal title, which they did not convey; and which was, at the time they conveyed, in no manner to be considered as an incident to that which they actually sold. But was, in fact, a part of the whole number of acres they held, a portion only of which they sold according to the express description of it contained in their deed. The heirs of Aaron Alford alone, or those claiming under them, can have a right to complete the imperfect legal title to the ninety acres embraced by the resurvey called Aaron’s Addition by a patent from the state. (c)
Whereupon it is Adjudged and Ordered, that the said petition of William Hughlett be, and the same is hereby dismissed with costs.

 This case was, by an oversight, not inserted in its proper chronological order.

 Hoffman v. Johnson, 1 Bland, 108 ; Cunningham v. Browning, 1 Bland, 325.

 Cunningham v. Browning, 1 Bland, 314.